**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| United States of America ) | |
| ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 3:14-cr-00554-JMC-5 |
| Daryal Oseola Hipp, ) | |
| ) | **ORDER AND OPINION** |
| Defendant. ) | |
| ) | |

This matter is before the court pursuant to a Motion to Dismiss the Indictment ("Motion to Dismiss") by Defendant Daryal Oseola Hipp ("Defendant"). (ECF No. 441.) On April 3, 2015, the Government filed a response to Defendant's Motion to Dismiss. (ECF No. 445.) For the following reasons, the court **DENIES** Defendant's Motion to Dismiss.

**I.     RELEVANT BACKGROUND TO THE PENDING MOTION**

Defendant is charged as a participant in an oxycodone distribution conspiracy and was arrested in October 2014. (ECF Nos. 1, 128.) Defendant has remained in the Lexington County Detention Center ("Detention Center") awaiting trial. (ECF No. 441.) Years prior to his arrest, Defendant suffered a broken ankle for which he was eventually prescribed oxycodone for his pain. (ECF No. 441.) Since his incarceration at the Detention Center, Defendant argues that with the exception of over-the-counter Tylenol and Motrin, he has not been provided adequate pain medication and medical care. (*Id.*)

Defendant argues that these circumstances affect his ability to exercise his right to trial and deprive him of his constitutional rights including: right to due process, right to

counsel, and a prohibition against cruel and unusual punishment – thereby warranting a dismissal of the indictment. (ECF No. 441 at 2.)

## II.     LEGAL STANDARD AND ANALYSIS

The issue presented is whether Defendant's claim that he is being deprived of adequate medical care warrants dismissal of the indictment. Dismissing an indictment is an extraordinary step because the public maintains an abiding interest in the administration of criminal justice. *United States v. Li*, 206 F.3d 56, 62 (1st Cir. 2000) (quoting *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997)). "A court should exercise its authority to dismiss cautiously, since to dismiss an indictment 'directly encroaches upon the fundamental role of the grand jury.'" *United States v. Thomas*, 519 F. Supp. 2d 141, 143-44 (D. Me. 2007) (quoting *Whitehouse v. United States Dist. Court*, 53 F.3d 1349, 1360 (1st Cir. 1995)). "That power is appropriately reserved, therefore, for extremely limited circumstances." *Whitehouse*, 53 F.3d at 1360 (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1983)).

A pretrial detainee has a right to be free from any form of punishment under the Due Process Clause. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). The Due Process Clause requires that government officials not be deliberately indifferent to any serious medical needs of a detainee. *Id.* (citing *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988)). While the court understands a pretrial detainee's need for adequate medical care, the appropriate avenue for such relief is for Defendant to file a civil lawsuit pursuant to 42 U.S.C. § 1983. *Cf. Romanelli v. Suliene*, 615 F.3d 847, 848 (7th Cir. 2010) (indicating

that a § 1983 lawsuit is the appropriate relief for a pretrial detainee's claim of inadequate medical care).

### III.    CONCLUSION

Based on the aforementioned reasons, the court **DENIES** Defendant's Motion to Dismiss the Indictment.  (ECF No. 441.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

May 12, 2015
Columbia, South Carolina

3